IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-00324-06-CR-W-DW |
| | ) | |
| PABLO FIGUEREDO-CHAVIANO, | ) | |
|     Defendant. | ) | |

**MOTION TO DECLARE CASE EXTENDED AND COMPLEX AND FOR OTHER RELIEF PURSUANT TO THE CRIMINAL JUSTICE ACT AND CJA GUIDELINES**

Comes now defendant Pablo Figueredo-Chaviano, by and through undersigned counsel, and moves this Court, on behalf of all defendants represented by counsel appointed pursuant to the Criminal Justice Act, for entry of an Order (1) declaring this case "extended" and "complex" pursuant to Section 2.22(B)(3) of the CJA Guidelines and 18 U.S.C. § 3006A(d)(3); (2) authorizing compensation for CJA counsel in excess of the statutory case compensation maximum; and (3) authorizing submission of interim vouchers by CJA counsel. In support of this motion, defendant states as follows:

    1. The superseding indictment in this case, filed December 15, 2010, charges twelve (12) defendants in Count One with participating in a Class A multi-drug conspiracy extending from September 1, 2009 to the date of the superseding indictment. The superseding indictment also includes counts charging substantive drug offenses, illegal alien in possession of firearm, and conspiracy to commit money laundering. Two forfeiture allegations - tied to the drug conspiracy and money laundering conspiracy counts - seeking forfeiture of over $3 million in United States currency as well as real and personal property.

    2. Of the twelve charged defendants, eight have appeared in court, of which five are represented by CJA counsel.

3. Discovery in this case is exceptionally voluminous. The discovery produced to date includes some 1100 pages of Title III documents (applications, extensions, progress reports, etc.), over 550 pages of ICE investigative reports, audio recordings of nearly 1200 intercepted telephone calls, and some 3080 pages of call transcripts/translations. A preliminary review of this discovery reveals that all or nearly all of the intercepted phone calls are conducted in Spanish. One of the difficulties in preparing this case for trial or plea is the need for defense counsel to verify the accuracy of the government-provided translations of the original conversations, at least as to key calls or portions of calls.

4. Counsel will be required to expend an unusually large amount of time in order to review the discovery in this case. In addition, the time needed to research and consider possible legal motions, assess the relative culpability (or lack thereof) of individual defendants, and engage in plea negotiations if appropriate will also be unusually extensive, as will the time required for trial preparation if necessary. Trial of this matter would almost certainly take several weeks.

5. In light of the foregoing, this case will clearly require substantial investment of time by defense counsel, far beyond that required in the average case. The complexity of the charged conspiracy, both as to alleged drug activity and as to alleged money laundering activities, large number of defendants, extensive Title III operations, multiple potential legal issues, and sheer volume of discovery qualify this case as "extended" and "complex" pursuant to Section 2.22(B)(3) of the CJA Guidelines and 18 U.S.C. § 3006A(d)(3). Counsel therefore requests that the Court make these findings and, for CJA counsel, authorize submission of interim vouchers and payment in excess of the normal CJA maximum.

6. The undersigned has contacted all other CJA appointed defense counsel in this case and has been authorized to state that all appearing defendants represented by CJA-appointed

counsel join in this motion, including: 1) Cesar Ivan Estrada (D-8), by counsel Kent Hall; 2) Enrique Gonzales Mendoza (D-9), by counsel Brian Gaddy; 3) Guadalupe Carlos Sanchez (D-11), by counsel Dana Altieri; and 4) Carlos Delgado Pena (D-12), by counsel Cenobio Lozano Jr.

7. The undersigned has contacted government counsel, Catherine Connelly, and has been authorized to state that the government does not oppose this motion.

WHEREFORE, for the foregoing reasons, defendant requests that the Court issue a written Order finding that this case qualifies as "extended" and "complex" pursuant to Section 2.22(B)(3) of the CJA Guidelines and 18 U.S.C. 3006A(d)(3); authorizing submission of interim vouchers by appointed counsel; and authorizing payment to counsel in excess of the normal CJA maximum. Further, defendant requests that the Court's Order be made applicable to all defendants represented by CJA-appointed counsel in this case.

Respectfully submitted,

s/ John Jenab
John Jenab, MO Bar No. 47452
JENAB & MCCAULEY, LLP
110 South Cherry Street, Suite 200
Olathe, Kansas 66061
(913) 390-5023 Office
(913) 764-5539 Fax
jjenab@mindspring.com
Attorney for Pablo Figueredo-Hernandez

Certificate of Service

I certify that on March 15, 2011, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this case.
s/ John Jenab
John Jenab